**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Chief Judge Daniel D. Domenico**

Civil Action No. 1:26-cv-03504-DDD-CYC

MARCO URIEL RODRIGUEZ HERNANDEZ,

Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of the Denver Contract Detention Facility;
GEORGE VALDEZ, in his official capacity as Denver Field Office Director, U.S. Immigration and Customs Enforcement;
DAVID VENTURELLA, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN, in his official capacity as Secretary of U.S. Department of Homeland Security; and
TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

---

# ORDER

---

The respondents removed the petitioner from the United States before his order of removal had become final and in violation of this Court's temporary restraining order enjoining his removal. They must therefore take steps to facilitate his return to the United States.

## BACKGROUND[1]

The petitioner is a native and citizen of Mexico. Doc. 1 at 32. He filed suit in this Court seeking a writ of habeas corpus ordering his release from immigration detention. Doc. 1.

---

[1] In this Order, all pinpoint citations to the record use the blue page number appended by the Court's Electronic Case Filing system at the

On June 29, 2026, an Immigration Judge ordered that the petitioner be removed to Mexico. Doc. 13-1 at 9. The petitioner reserved his right to appeal the IJ's decision, *id.*, and the parties agree that any appeal to the Board of Immigration Appeals was due by July 29, *id.*; Doc. 7 at 5. Two days in advance of that deadline, on July 27, the petitioner timely filed an appeal of the IJ's order to the BIA. Doc. 1 at 74-81. The petitioner received an email that same day confirming that "[t]he Executive Office for Immigration Review (EOIR) has received an electronic upload of the BIA appeal/motion package," and stating that the "BIA is evaluating the package for inclusion into the electronic Record of Proceedings," and "EOIR will notify you upon completion of the evaluation process." *Id.* at 81. On August 4, eight days after the petitioner filed his appeal, and six days after his deadline to do so, the BIA rejected the appeal "based on a purported address issue." Doc. 7 at 5; Doc. 13-1 at 2. The petitioner immediately resubmitted a corrected appeal the very same day, along with a Motion to Accept Untimely Appeal. Doc. 7 at 5; *see also In re Morales-Morales*, 28 I. & N. Dec. 714, 716-17 (B.I.A. 2023) (BIA will accept late-filed appeals if equitable tolling applies).

U.S. Immigration and Customs Enforcement, however, "determined that Petitioner had not filed an appeal with the BIA by the July 29, 2026, deadline and proceeded with efforts to remove Petitioner to Mexico." Doc. 13-1 at 3. On August 6, ICE "cleared the petitioner for removal" and transferred him from its Aurora, Colorado, detention facility to a facility in El Paso, Texas. *Id.* at 3. When the petitioner's counsel learned of his transfer, she emailed ICE officials to notify them that he "has an active appeal before the Board of Immigration Appeals, including a Motion to Accept Late Appeal arising from the BIA's rejection

---

top of each page, which may differ from a document's internal pagination.

of his timely submitted appeal based on an address issue," and noted her "concern[] that ICE is attempting to effectuate Mr. Rodriguez Hernandez's removal while his BIA proceedings . . . remain pending." Doc. 7 at 17. ICE responded that it "has reviewed this case and has found no impediments to removal." *Id.*

The petitioner then promptly filed an emergency motion in this Court seeking a TRO enjoining his removal from the United States. Doc. 7. I granted that motion on August 7 at 11:07 a.m. Doc. 9 & Notice of Electronic Filing. I noted that "[i]n light of the procedural issues surrounding the filing of the petitioner's appeal . . . it is unclear whether the order of removal has become administratively final." Doc. 9. In order to preserve the Court's jurisdiction, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), I temporarily enjoined the respondents "from removing the petitioner from the United States pending further order of the Court, if he has not been removed already," and ordered them to show cause why that temporary relief should not be extended until final adjudication of this case on the merits. *Id.*

After that, "[a]t approximately 11:15 a.m. on August 7, counsel for Petitioner emailed counsel for Respondents providing notice of this Court's Order." Doc. 13 at 4; *accord* Doc. 10 at 3. At 2:03 p.m., the petitioner's counsel "spoke by telephone with counsel for Respondents . . . and expressly confirmed that counsel had received the TRO." Doc. 10 at 3. At 2:30 p.m., "counsel for Respondents at the U.S. Attorney's Office provided notice to ICE's Office of the Principal Legal Advisor of the Court's order." Doc. 13 at 4. "At approximately 5:48 p.m. the same day, [ICE Enforcement and Removal Operations] officials received notice of the Court's August 7 Order . . . enjoining Petitioner's removal." *Id.* But ICE officials neglected to update ICE's computer system to reflect the Court's order. Doc. 13 at 4-5; Doc. 13-1 at 3. And the next day, on

August 8, ICE removed the petitioner to Mexico in violation of the TRO. Doc. 13-1 at 3.

On August 10, the petitioner filed a second emergency motion seeking to enforce the TRO, requesting an order requiring the respondents to "take all available steps within their lawful authority to facilitate [his] return to the United States and restore, to the extent practicable, the status quo existing immediately before the violation" of the TRO. Doc. 10. Also on August 10, the BIA issued an appeal receipt, Doc. 15 at 5, and the Executive Office for Immigration Review's Automated Case Information system now indicates that "[a] case appeal was received on August 4, 2026," and "[i]t is currently pending." Dep't of Just. Exec. Office for Immigr. Rev., *Automated Case Information*, https://acis.eoir.justice.gov/en (last visited Aug. 25, 2026) (allowing search by A-number).

The respondents oppose converting the TRO into a preliminary injunction, arguing that this Court does not have authority under the All Writs Act to stay a noncitizen's removal. Doc. 12. They also oppose the petitioner's motion to enforce the TRO, arguing that "[i]f this Court determines that it lacked jurisdiction to issue its order in the first place, that determination may counsel against ordering Petitioner returned to the United States." Doc. 13.

## DISCUSSION

The respondents lacked legal authority to remove the petitioner to Mexico both because his order of removal was not final and because they were subject to this Court's TRO enjoining his removal.

The respondents assert that the petitioner's order of removal became final when the BIA rejected his appeal on August 4, despite the fact that he immediately refiled the appeal the same day along with a motion to

accept the appeal as untimely. But multiple courts have held otherwise on similar facts.

In *Orellana Cruz v. Oddo*, a noncitizen appealed an IJ's voluntary departure order three days late, and before the BIA determined whether the appeal would be accepted or rejected, the Government executed the departure order and transported the noncitizen to El Salvador. No. 3:26-cv-00284, 2026 WL 1650733, at *1 to *3 (W.D. Pa. June 8, 2026). The district court held that the Government did not "ha[ve] authority to carry out that supervised departure when it did—while Petitioner's BIA appeal had been filed, docketed, and, according to the record before the Court, remained pending before the BIA." *Id.* at *3 to *4. It further held that "where an appeal has been filed and remains pending before the BIA, the timeliness and effect of that appeal are matters for the BIA to address in the first instance," and the Government "may not unilaterally decide that an appeal is untimely, treat the voluntary departure [or removal] period as having begun, and then transport an alien out of the United States before the BIA acts." *Id.* "Until the BIA made [its] determination, Respondents could not rely on their own view of timeliness to treat Petitioner's departure obligation as ripe for execution." *Id.* at *4.

Similarly, in *Salmeron v. Baltasar*, the Department of Homeland Security appealed an IJ's order terminating a noncitizen's removal proceedings two days late. No. 26-cv-00846-NYW, 2026 WL 776111, at *1 (D. Colo. Mar. 19, 2026). The noncitizen filed a habeas petition asserting that the IJ's order became final when DHS failed to file a timely appeal. *Id.* But the district court held that the IJ's order would "become final only '[i]f the BIA ultimately rejects DHS's late filing,'" and "the Court . . . must treat Petitioner's removal proceedings as 'pending' . . . unless and until the BIA denies DHS's motion to accept its late appeal." *Id.* at *3; *accord Landestoy Hernandez v. Baltazar*, No. 26-cv-1005-WJM,

2026 WL 809843, at *2 to *3 (D. Colo. Mar. 24, 2026) (court must treat petitioner's removal proceedings as pending "unless and until the BIA denies DHS's motion to accept its late appeal, and/or grants [the petitioner's] motion to dismiss the appeal as untimely").

The petitioner here has an even stronger case than the appellants in *Orellana Cruz* and *Salmeron*—he timely filed his original appeal, and there was not even a one-day gap between when the BIA rejected it and when he refiled his corrected appeal. The respondents therefore removed the petitioner in violation of 8 C.F.R. § 1003.6(a), which provides that an IJ's order of removal "from which an appeal to the Board may be taken shall not be executed during the time allowed for the filing of an appeal . . . nor shall such decision be executed while an appeal is pending." Even if *Orellana Cruz* and *Salmeron* were wrongly decided and the procedural issues surrounding the filing of the petitioner's appeal meant that the 8 C.F.R. § 1003.6(a) automatic stay was not in force, the respondents removed the petitioner in violation of this Court's TRO. And now that the BIA's own records reflect that the petitioner's appeal "is currently pending," it is clear that his order of removal is not administratively final. *See* Dep't of Just. Exec. Office for Immigr. Rev., *Automated Case Information*, https://acis.eoir.justice.gov/en (last visited Aug. 25, 2026). So there is now no question that the automatic stay is in effect. *See* 8 C.F.R. § 1003.6(a) (order of removal "shall not be executed . . . while an appeal is pending").

In circumstances such as these, where the Government has improperly removed a noncitizen due to an administrative error, the Supreme Court has held that the district court may "properly require[] the Government to 'facilitate'" the noncitizen's return to the United States "to ensure that his case is handled as it would have been had he not been

improperly [removed].” *Noem v. Abrego Garcia*, 145 S. Ct. 1017, 1018 (2025). Accordingly, I will so order.

At this point, the TRO has expired on its own terms, and the petitioner’s request to enter a preliminary injunction enjoining the respondents from removing him from the United States is moot because (1) the petitioner has already been removed, and (2) if and when he is returned to the United States pursuant to this Order, the 8 C.F.R. § 1003.6(a) automatic stay will prevent the respondents from removing him again while his appeal to the BIA is pending. I therefore need not consider whether to convert the TRO into a preliminary injunction or determine whether the TRO exceeded the Court’s authority under the All Writs Act.[2]

---

[2] I note that the respondents’ arguments that the TRO was improper are premised on the position that this Court is not the proper avenue to seek review or stay of a final order of removal. *See* Doc. 12. Those arguments mischaracterize the procedural posture of the case and the basis for the TRO—it was “unclear whether the order of removal ha[d] become administratively final,” and the Court might be deprived of jurisdiction if the petitioner was removed before that could be ascertained. Doc. 9; *cf. Suri v. Trump*, — F.4th —, No. 25-1560, 2026 WL 2123557 (4th Cir. July 23, 2026) (8 U.S.C. §§ 1252(a)(5), (b)(9), and (g) did not strip district court of jurisdiction to review habeas challenge to immigration detention, and district court did not abuse discretion by invoking All Writs Act to bar petitioner’s removal in order to preserve jurisdiction and protect proceedings); *Batooie v. Ceja*, No. 25-cv-02059-DDD-STV, 2025 WL 1836695, at *1 (D. Colo. July 3, 2025) (Gallagher, J., deciding emergency motion due to temporary unavailability of presiding judge) (“Petitioner presented sufficient evidence to indicate Respondents may not . . . remove Petitioner from the United States to another country without further immigration proceedings . . . . It therefore is necessary to halt immediate deportation until the situation is figured out.”).

## CONCLUSION

It is **ORDERED** that:

Petitioner's Emergency Motion to Enforce Temporary Restraining Order, **Doc. 10**, is **GRANTED**, and the respondents must take all available steps within their lawful authority to facilitate the petitioner's return to the United States as soon as possible;

The respondents must file a status report within **one week** of this Order stating whether or not the petitioner has been returned to the United States, and (a) if not, "the steps [they have] taken [to facilitate his return] and the prospect of further steps," *Abrego Garcia*, 145 S. Ct. at 1018, or (b) if so, whether the petitioner has been detained and the statutory authority under which the respondents contend his detention is authorized; and

The Order to show cause why the Court should not enter a preliminary injunction, Doc. 9, is **DISCHARGED**, and the Petitioner's Emergency Motion for Temporary Restraining Order, **Doc. 7**, is **DENIED AS MOOT**.

DATED: August 25, 2026

BY THE COURT:

Daniel D. Domenico
Chief United States District Judge